# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TARA S. HOPPER,**

    **Plaintiff,**

v.

**CREDIT ASSOCIATES, LLC,** *et al.*,

    **Defendants.**

Civil Action 2:20-cv-522
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Tara S. Hopper, brings this action against Defendants, Credit Associates, LLC ("Credit Associates"), and Trans Union, LLC ("Trans Union"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), alleging that Credit Associates obtained Plaintiff's credit-related information from Trans Union without a permissible purpose and used it to send her multiple mailings without making a firm offer of credit as required by the FCRA. This matter is before the Court on Credit Associates' Motion to Stay Discovery pending the Court's resolution of Credit Associates' Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. (ECF No. 84.) For the following reasons, Credit Associates' Motion to Stay Discovery (ECF No. 84) is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff commenced this action on January 30, 2020. (ECF No. 1.) After Plaintiff amended her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), Trans Union filed a motion to dismiss for failure to state claim upon which relief can be

granted pursuant to Rule 12(b)(6), and Credit Associates filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Upon agreement of the parties, discovery was stayed pending the resolution of these two motions, with the exception of discovery related to personal jurisdiction over Credit Associates. (ECF Nos. 27–28.) Plaintiff then filed a Second Amended Complaint with leave of Court, and Defendants renewed their motions to dismiss. (ECF Nos. 33, 39–40.) After the parties supplemented their briefing on Credit Associates' motion to dismiss for lack of personal jurisdiction with jurisdictional discovery, the completion of which necessitated multiple interventions from the Court to resolve discovery disputes, the Court denied both motions to dismiss. (ECF Nos. 64–65, 67, 73.)

On April 28, 2021, Credit Associates moved to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 79–80.) Specifically, Credit Associates contends that Plaintiff cannot satisfy standing under Article III of the United States Constitution because she has failed to allege a concrete injury. (Mem. in Supp., ECF No. 80-1.) One month later, after being served with discovery requests by Plaintiff, Credit Associates filed the present motion to stay discovery pending resolution of its 12(b)(1) motion. (ECF No. 84.)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad

2

discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III.    ANALYSIS

Credit Associates has not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

3

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Credit Associates' pending motion to dismiss is brought under Rule 12(b)(1) and not 12(b)(6), this Court has frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See*, *e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020). In such cases, the Court typically determines whether the

jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3.

Although the undersigned takes no position on the outcome of Credit Associates' 12(b)(1) motion, the jurisdictional issues are best described as fairly debatable rather than clear-cut. Credit Associates contends that Plaintiff's receipt of two mailers from Credit Associates cannot constitute a concrete injury sufficient to satisfy Article III standing, but Plaintiff counters that the invasion of privacy resulting from Credit Associates' procurement of her credit-related information without a proper purpose under the FCRA is a concrete injury. (ECF Nos. 80-1, 83.) Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Moreover, Credit Associates has made no showing that responding to Plaintiff's written discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. The undersigned finds that any burden on Credit Associates caused by responding to discovery is outweighed by Plaintiff's right to have her claims resolved in a timely and efficient manner. *Id.* It is also noteworthy that Credit Associates waited until fifteen months after this action was commenced, and until after the parties had already engaged in significant discovery and briefing related to personal jurisdiction, to raise the issue of subject-matter jurisdiction. "Although a party may raise a

5

subject matter jurisdiction question at any time, the delay in raising the issue in this case makes the Court less inclined to stay discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Finally, the undersigned is not persuaded by Credit Associates' citation to *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (stating that "[i]t would make little sense for the Court to adjudicate discovery disputes without first deciding whether it has the power to bind Defendant"). In *Victoria's Secret*, the Court granted a motion to stay discovery pending resolution of a motion to dismiss for lack of *personal* jurisdiction under Rule 12(b)(2)—which is an accommodation already granted to Credit Associates and that is not the subject of the present motion. (*See* ECF Nos. 27–28.) Further, as explained above, Rule 12(b)(1) motions frequently do not warrant a stay of discovery, even though such a finding would require discovery to commence before the Court has ruled on subject-matter jurisdiction.

## IV. DISPOSITION

For the foregoing reasons, Credit Associates Motion to Stay Discovery (ECF N. 84) is **DENIED**.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE