# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TARA S. HOPPER,

    **Plaintiff,**

v.

CREDIT ASSOCIATES, LLC, *et al.*,

    **Defendants.**

Civil Action 2:20-cv-522
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Tara S. Hopper, commenced this putative class action against Defendants, Credit Associates, LLC ("Credit Associates") and Trans Union, LLC ("Trans Union"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), alleging that Credit Associates obtained Plaintiff's credit-related information from Trans Union without a permissible purpose and used it to send her multiple mailings without making a firm offer of credit as required by the FCRA. Ms. Hopper passed away on June 30, 2021. (ECF No. 91.) On August 30, 2021, "Plaintiff" filed a Motion for Leave to File Third Amended Complaint to Substitute Tara Hopper's Estate and to Join Steven Smith as an Additional Plaintiff and Putative Representative. ("Motion," ECF No. 92.) Both Defendants filed a Memorandum in Opposition (ECF Nos. 99–100), and "Plaintiff" filed a Reply (ECF No. 105). For the following reasons the Motion (ECF No. 92) is **GRANTED IN PART and DENIED IN PART**.

I.  BACKGROUND

Plaintiff, Tara S. Hopper, commenced this putative FCRA class action on January 30, 2020. (ECF No. 1.) Since that time, Ms. Hopper twice amended her Complaint. The Second Amended Complaint ("SAC," ECF No. 33), which was filed on July 20, 2020, and is currently the operative pleading, asserts claims against Credit Associates under 15 U.S.C. § 1681q for obtaining consumer information under false pretenses, as well as claims against both Defendants for willful and negligent FCRA violations under 15 U.S.C. §§ 1681n and 1681o. (SAC ¶¶ 69–99.) The SAC seeks (1) a declaratory judgment that Defendants violated the FCRA, (2) statutory damages under the FCRA, (3) punitive damages for FCRA violations, and (4) costs and reasonable attorney's fees under the FCRA. (SAC 19–20, ECF No. 33.)

The parties also vigorously dispute personal jurisdiction and subject-matter jurisdiction; Defendant Credit Associates' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, filed on April 28, 2021, remains pending. (ECF No. 79.)

On April 15, 2021, the Court entered a Preliminary Pretrial Order setting various deadlines. (ECF No. 78.) Of particular relevance to the present motion, the deadline for motions addressing the parties or pleadings was August 16, 2021. (*Id.* at 1.) Any motion for class certification under Federal Rule of Civil Procedure 23 was set at October 18, 2021. (*Id.*) The Court also established discovery and dispositive motions deadlines of September 15, 2022, and October 15, 2022, respectively. (*Id.* at 3–4.)

On July 13, 2021, Ms. Hopper's counsel reported to the Court via email, copying Defendants' counsel, that Ms. Hopper had died. (Email, ECF No. 100-1.) On August 2, 2021, Ms. Hopper's counsel filed a Suggestion of Death, giving notice that Ms. Hopper had died on June 30, 2021, and attaching a copy of Ms. Hopper's death certificate. (ECF No. 91.) On August 30, 2021, Ms. Hopper's counsel filed the present motion, titled "Plaintiff's Motion for

Leave to File Third Amended Complaint to Substitute Tara Hopper's Estate and to Join Steven Smith as an Additional Plaintiff and Putative Representative." (ECF No. 92.) In addition to seeking the substitution of Ms. Hopper's Estate as Plaintiff, the Motion also seeks to file a Third Amended Complaint ("TAC"), which would (1) join an additional named Plaintiff and putative class representative, Steven Smith; (2) correct an error in Defendant Trans Union's name in the case caption; (3) withdraw claims for negligent violation of the FCRA; and (4) make other "simplifying and clarifying edits" to other allegations. (Mot. 3, ECF No. 92.) Defendants do not oppose the correction of Trans Union's name or the withdrawal of Plaintiff's negligence claims, but Defendants oppose the remaining portions of the Motion.

Although the Motion seeks to make all of these changes under a pleading amendment framework, the Motion in substance seeks several different types of relief: (1) substitution of the Estate for Ms. Hopper under Federal Rule of Civil Procedure 25; (2) amendment of the SAC under Federal Rules of Civil Procedure 15 and 16; and (3) joinder of Mr. Smith as a plaintiff under Federal Rule of Civil Procedure 20. The undersigned will consider each in turn.

## II. SUBSTITUTION UNDER RULE 25

Federal Rule of Civil Procedure 25(a)(1), which governs substitutions following the death of a party, provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Although the Motion does not reference Rule 25 by name, the Estate seeks substitution following a party's death, which is expressly provided for by Rule 25, and both Defendants make their arguments against substitution based on Rule 25.

3

A. **Procedural Criteria**

The Court must consider both procedural and substantive criteria under Rule 25 before granting substitution. Credit Associates argues that the Estate's Motion is procedurally deficient because the Suggestion of Death was filed by Hopper's counsel, and not by a representative of the deceased party. (Credit Assocs.' Opp'n 4, ECF No. 99.) Nor did the Suggestion of Death identify Hopper's successor or representative; nor was it served on Hopper's successors or representatives. (*Id.* at 5.) Credit Associates also contends the Motion itself was impermissibly filed by Hopper's counsel and was not served on the Estate. (*Id.*)

The Court agrees that the Suggestion of Death filed by Hopper's counsel on August 2, 2021, did not qualify as a "statement noting the death" under Rule 25(a)(1) because it was filed by Hopper's counsel, did not identify Hopper's successor or representative, and did not serve her successor or representative. *See Long v. Time Ins. Co.*, No. 2:06-cv-701, 2008 WL 3200844, at *1 (S.D. Ohio Aug. 7, 2008). However, a "statement noting the death" is not a prerequisite to filing a motion for substitution under Rule 25(a). *See* Fed. R. Civ. P. 25(a) advisory committee's note to 1963 amendment ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. *Indeed, the motion will usually be so made.* If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.") (emphasis added). The Motion is therefore not precluded by the absence of a prior compliant statement noting death.

Moreover, although the Motion is purportedly filed on behalf of "Plaintiff"—*i.e.*, the late Tara Hopper—this is obviously impossible as the motion was filed two months after her death. The Motion makes clear that the administrator of Ms. Hopper's estate, Micki Cowell ("the Estate"), has retained the same counsel who represented Ms. Hopper prior to her death. (Mot. 3,

4

ECF No. 92.) The Motion also attaches an August 23, 2021 "Entry Appointing Fiduciary; Letters of Authority" filed in the Pickaway County, Ohio Probate Court naming Micki Cowell as administrator of Ms. Hopper's Estate. (ECF No. 92, PAGEID #791.) Accordingly, the Motion is in substance made on behalf of the Estate who is seeking to substitute as Plaintiff in Ms. Hopper's place (and, as a result, service on the Estate was unnecessary). To deny the Motion on the technical grounds advanced by Credit Associates would elevate form over substance and undermine the general proposition that courts prefer to decide cases on their merits. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).

**B.  Substantive Criteria**

Aside from Rule 25's procedural criteria, the Estate may not substitute as Plaintiff for Ms. Hopper's claims unless those claims survive her death. *See* Fed. R. Civ. P. 25(a)(1) ("If a party dies *and the claim is not extinguished*, the court may order substitution of the proper party.") (emphasis added). All of Ms. Hopper's claims arise under the FCRA, and therefore the Court must determine whether claims under the FCRA survive the death of a plaintiff. This precise question was decided in *Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115 (M.D. Tenn. Sept. 29, 2016). In that case, the court held that, under federal common law, "[t]he survivability of these claims depends on whether the recovery sought is deemed 'penal' or 'remedial.'" *Id.* at 12 (citing *U.S. v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993)). "It is well-established that actions that are penal in nature do not survive a plaintiff's death, while remedial actions do." *Id.* (citing *Smith v. Dep't of Human Servs.*, 876 F.2d 832, 834-35 (10th Cir. 1989) and *Schreiber v. Sharpless*, 110 U.S. 76, 80 (1884)). After noting the FCRA's "dual purpose" of both redressing individual wrongs and preventing practices that would harm the general public, the *Beaudry* court concluded that the FCRA's statutory damages provisions are

5

remedial, whereas its punitive damages provisions are obviously penal. *Id.* at *12 (noting § 1681n(a)(1)(A)'s provision for statutory damages in the alternative to actual damages, and § 1691n(a)(2)'s separate provision for punitive damages, both of which weigh in favor of interpreting statutory damages as remedial). The undersigned finds the *Beaudry* court's analysis persuasive and similarly concludes that Ms. Hopper's claims for statutory damages under the FCRA survive her death, but her claims for punitive damages do not.

As to Ms. Hopper's remaining claims: her claims for attorney's fees and costs cannot be reasonably construed as anything other than remedial; the intention of fee shifting provisions such as that contained in 15 U.S.C. § 1681n(a)(3) are to compensate the plaintiff for acting as a "private attorney general" to vindicate national policy. *See Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982). This claim therefore survives. Finally, Ms. Hopper's claims for declaratory judgment were rendered moot by her death. *See Immel v. Lumpkin*, 408 F. App'x 920, 921 (6th Cir. 2010) (requests for injunctive and declaratory relief are moot upon death of plaintiff because she no longer has a "cognizable interest in the outcome").

In sum, it is **RECOMMENDED** that Ms. Hopper's claims for punitive damages and declaratory judgment be **DISMISSED** because they were extinguished by her death and that the Estate be **SUBSTITUTED** as Plaintiff for Ms. Hopper's remaining claims for statutory damages and attorney's fees and costs under the FCRA.

### III. AMENDMENT OF THE COMPLAINT UNDER RULES 15 AND 16

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If the Rule 16 standard is satisfied, the Court must also evaluate the party's request to amend the pleadings under Rule 15. Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

7

Here, the deadline for motions to amend the pleadings passed on August 16, 2021 (Preliminary Pretrial Order 1, ECF No. 78), but the Estate did not file its Motion for leave to file the TAC until August 30, 2021. (ECF No. 92.) The Estate represents that the parties informally agreed to extend the deadline until August 30, 2021. (Mot. 1, ECF No. 92.) Defendants do not dispute the existence of this agreement; however, deadlines established by the Court cannot be extended by stipulation. Nevertheless, the undersigned finds that the Estate did not exhibit undue delay in waiting a mere fourteen days after the deadline to seek its pleading amendment. Further, the undersigned can discern no prejudice that Defendants would suffer as a result of the amendment, given that the current case schedule deadlines for discovery and dispositive motions are not until September and October 2022, respectively. *Cf. Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). As a result, the undersigned finds good cause to modify the case schedule under Rule 16, and, for the same reasons, finds that "justice so requires" the Estate be permitted to amend its pleading under Rule 15.

Yet not all of the Estate's requested changes to the Complaint fall within the purview of Rules 15 and 16. Namely, the Estate's request to join Mr. Smith as an additional Plaintiff is more appropriately analyzed under the joinder framework of Rule 20. Accordingly, to the extent the Court adopts the undersigned's findings that Ms. Hopper's claims survive her death and that the Estate is properly substituted as Plaintiff, it is **RECOMMENDED** that, pursuant to Rules 15 and 16, the Estate be permitted to amend its Complaint to (1) correct an error in Defendant Trans

8

Union's name in the case caption; (2) withdraw claims for negligent violation of the FCRA; and (3) make other "simplifying and clarifying edits" to other allegations. (Mot. 3, ECF No. 92.)

## IV. JOINDER UNDER RULE 20

Federal Rule of Civil Procedure 20 provides that persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). District courts have discretion in deciding whether to permit joinder under Rule 20, *McCormick v. Mays*, 124 F.R.D. 164, 167 (S.D. Ohio 1988), but the United States Supreme Court has stated that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). *See also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 324–25 (S.D. Ohio 2002) ("Courts liberally permit joinder under Rule 20(a)."). Consistent with this principle, the United States Court of Appeals for the Sixth Circuit has given the terms "transaction" and "occurrence" a broad interpretation. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander,* 414 F.2d 143, 147 (6th Cir. 1969). Courts in this District have found the "same transaction or occurrence" criterion is met when the two claims are likely to involve overlapping proof and duplicative testimony. *See Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 811–12 (S.D. Ohio 2008) (quoting Wright, Miller & Kane, 7 *Fed. Pract. & Proc.,* Civ. 3rd § 1653 at 411–12 (2001).

The undersigned finds that the Estate and Mr. Smith have met the requirements for joinder. Their claims arise out of the same transaction or occurrence because the Estate and Mr. Smith both allege the same course of conduct by Defendants (obtaining their credit information for an improper purpose), which resulted in both Ms. Hopper and Mr. Smith receiving an

9

identical mailing from Credit Associates within a three-month period. The content of these mailings, as well as the purpose for which Credit Associates obtained Ms. Hopper's and Mr. Smith's credit information in order to issue these mailings, are at the heart of both the Estate's and Mr. Smith's claims.  Both claims are therefore likely to involve overlapping proof and duplicative testimony.  *See*, *e.g.*, *Scott v. Fairbanks Cap. Corp.*, 284 F. Supp. 2d 880, 888–89 (S.D. Ohio 2003) (finding same transaction or occurrence when both plaintiffs "were both subjected to the same types of fees and the same actionable collection activities"); *Evans*, 574 F. Supp. 2d at 811 (finding same transaction or occurrence where the defendant law firm "filed substantially similar complaints" against plaintiffs).  Similarly, both claims involve common questions of law or fact—for instance, whether the language of the mailers received by Ms. Hopper and Mr. Smith constitute a firm offer of credit under the FCRA.  *See*, *e.g.*, *Evans*, 574 F. Supp. 2d at 811 (finding common a common question of law to be "whether a complaint for money loaned arising from an unpaid credit card debt violates the FDCPA").

       Defendants do not meaningfully address the Rule 20 requirements, insisting only that Mr. Smith cannot be joined because none of Ms. Hopper's claims survive her death, that the Estate's counsel is attempting to improperly use Rule 20 to substitute Mr. Smith as putative class representative, and that Mr. Smith's claims for the purpose of acting as a class representative are time-barred.  Yet the undersigned has already determined that at least some of Ms. Hopper's claims survive her death.  And at this stage, the undersigned recommends joinder only of Mr. Smith's individual claims and expresses no opinion regarding Mr. Smith's suitability to represent any class that might be certified.  Indeed, Ms. Hopper was never certified as a class representative, and only her surviving individual claims are currently before the Court; it is therefore impossible for Mr. Smith to "substitute" for Ms. Hopper as class representative at this

time.  Further, Mr. Smith's suitability as a class representative is more appropriately addressed in the context of a motion for class certification.  Similarly, any arguments that Mr. Smith's claims are futile are more appropriately addressed in the context of a motion to dismiss under Rule 12(b)(6).  *See Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (because Magistrate Judges cannot by statute ordinarily rule on a motion to dismiss, the better course is to permit amendment and allow opposing parties to challenge the allegedly futile amendment through a motion to dismiss).

In sum, it is **RECOMMENDED** that Mr. Smith be joined as a Plaintiff in this action.

## V.  DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Motion (ECF No. 92) be **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is **RECOMMENDED** that Ms. Hopper's claims for punitive damages and declaratory judgment be **DISMISSED** because they were extinguished by her death, and that the Estate be **SUBSTITUTED** as Plaintiff for Ms. Hopper's remaining claims for statutory damages and attorney's fees and costs under the FCRA.  It is **FURTHER RECOMMENDED** that the Estate be permitted to amend its Complaint to (1) correct an error in Defendant Trans Union's name in the case caption; (2) withdraw claims for negligent violation of the FCRA; and (3) make other "simplifying and clarifying edits" to other allegations.  It is **FURTHER RECOMMENDED** that Mr. Smith be joined as a Plaintiff in this action.  As a result, it is **FURTHER RECOMMENDED** that the Clerk be **DIRECTED** to file the proposed Third Amended Complaint, attached to "Plaintiff's" Motion as Exhibit 2 (ECF No. 92, PAGEID #792–815).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE